# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISE NEU,<br><br>                Plaintiff,<br><br> v.<br><br>PARK VISTA RETIREMENT & ASSISTED LIVING COMMUNITY, LLC, a Washington Limited Liability Company,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Lise Neu states and alleges the following facts and causes of action against the above-named Defendant:

## JURISDICTION AND VENUE

1. This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Title VII claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so

COMPLAINT -1-

related to Plaintiff's Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is a resident of the State of Washington and this judicial district, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff is a resident of Washington State.

5. Defendant Park Vista Retirement & Assisted Living Community, LLC, is a Washington Limited Liability Company doing business in Kitsap County, Washington, and is an employer under Title VII, 42 U.S.C. § 2000e, and the WLAD, RCW 49.60.

## ADMINISTRATIVE PROCEEDINGS

6. On or about January 3, 2022, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit 1 and is incorporated herein by reference.

7. On September 7, 2022, Plaintiff received the Notice of Right to Sue from the EEOC, which was dated August 22, 2022. A copy of the notice is attached to this Complaint as Exhibit 2 and is incorporated herein by reference.

8. This action has been filed with the Court within 90 days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

## FACTUAL BACKGROUND

9. In May 2021, Plaintiff was hired as a receptionist at Park Vista Retirement & Assisted Living Community (hereinafter "Park Vista"). She was scheduled to work five days a week.

10. In July 2021, she received a promotion and began working three days a week as an Activities Director, in addition to her receptionist position.

11. A few weeks after Plaintiff was hired, maintenance supervisor Matt Vaquer began giving her unwanted attention.

12. In August 2021, Vaquer was given the position of Assistant Executive Director, which meant he was Plaintiff's supervisor. His new authority did not deter his unwanted conduct.

13. On the contrary, Vaquer frequently made unnecessary physical contact with Plaintiff. For example, he regularly put his arm around her and gave her shoulder massages.

14. On one occasion, he began massaging her shoulders and said he would "do more later when so many people were not around."

15. Another time, he touched her shoulders and said, "I could say something, but I don't want to get in trouble." The context of his statement demonstrated to Plaintiff that he was implying something sexual in nature.

16. Vaquer often called Plaintiff beautiful or gorgeous, and commented on her body and her clothes. He said things like "those jeans look really good on you."

17. Plaintiff felt uncomfortable and did her best to ignore him and his libidinous behaviors. She hoped he would get the message that she did not reciprocate and would stop. She was too nervous and uncomfortable to confront him directly.

18. His inappropriate behavior, however, did not cease. Instead, his overtures of

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

leering, commenting on her appearance, and touching her back and shoulders occurred so often that coworkers could not help but notice.

19. In September 2021, Plaintiff was setting up for the Fall Harvest Festival. Multiple people were helping, including Vaquer. Plaintiff was stacking hay bales in a corner and Vaquer came to help. While working on the display, he groped Plaintiff's buttocks. Shocked, she froze. She was so alarmed that she did not know how to respond. She tried to repress her anguish and continue setting up for the event.

20. On October 18, 2021, Executive Director Denise Sanchez called Plaintiff to her office, where Plaintiff learned that other employees had complained to Sanchez about Vaquer's behavior. Among other things, the employees specifically expressed concerns that he was sexually harassing Plaintiff. They said she was timid and quiet, and that they were worried she would not speak up.

21. When Sanchez relayed the information about the complaints to Plaintiff, she burst into tears. She had been holding in all her fear and anxiety. She was relieved others were trying to protect her. She described to Sanchez what Vaquer had done to her. At Sanchez's request, Plaintiff wrote out a statement to submit to Mary Vasquez, Human Resources Director.

22. Sanchez also followed up with other statements about Vaquer's sexual harassment to Vasquez.

23. On October 20, 2021, Human Resources circulated the company's sexual harassment policy and asked all the employees to sign and return it. The women who had reported the sexual harassment, including Plaintiff, were also required to sign the policy. Plaintiff did not know why she was being sent this policy. She had participated in the complaint process and still had not heard anything back since Sanchez spoke with her.

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

24. When Vaquer received the email with the sexual harassment policy, he commented: "Huh, I wonder what this is about?" It seemed clear no one had spoken with him about his improper conduct.

25. Vaquer stayed in the workplace and continued working directly with Plaintiff. His behavior did not change.

26. On October 26, 2021, Vaquer went on leave for shoulder surgery.

27. Sanchez again inquired about the status of the sexual harassment investigation. She was directed to stay out of it.

28. On November 2, 2021, Park Vista executives came on site to investigate a different discrimination complaint. They interviewed several staff members. A list of questions was given to the employees during the investigation.

29. As an afterthought, a hand-written question was tacked on at the end, inquiring whether anyone generally had noticed "inappropriate behavior." Several staff members answered that they often observed Vaquer exhibiting inappropriate and uncomfortable behavior and touching. Some mentioned Plaintiff as a victim of Vaquer.

30. The very same day, Park Vista sent the Activities Supervisor, Sherry Summerville, to evaluate Plaintiff's job performance. The evaluation was out of the blue. The home office would typically announce its visits prior to coming to the building. Plaintiff was surprised that her performance was the focus of the meeting because she thought they were going to be investigating her complaints.

31. Summerville was critical of *Plaintiff's* performance related to her activities' duties. She did not address that most activities had come to a halt because of Covid outbreaks and the need for Plaintiff to assist with tasks related to keep residents safe. She also did not

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

mention that Plaintiff was essentially performing the duties of two positions. She behaved as though everything was usual at the facility—as though residents were participating in pre-covid communal activities.

32. Summerville gave a long list of tasks for Plaintiff to perform within an unachievable time frame. It was obvious to Plaintiff that she was being set up to fail.

33. Even more shocking to her was that the assessment concluded that Plaintiff was to meet weekly to go over these new duties with her sexual harasser, Vaquer.

34. Following the sham evaluation and the lack of any response to the sexual harassment complaint, Plaintiff realized that Park Vista was not going to protect her. Naturally, she felt frightened, dejected, and betrayed, and as though she had no choice but to quit her job.

35. She emailed her resignation the next day on November 3, 2021, noting that since she submitted her statement about Vaquer on October 18, 2021, Park Vista had done nothing. Instead, the home office scrutinized her job performance. Even though they took the time to conduct interviews about another matter, they did not bother investigating the complaints about Vaquer. She told them their actions felt like a slap in the face.

36. Vaquer was due to return from leave soon. He was Plaintiff's direct supervisor, and his presence would force her to be in a hostile work environment that was apparently sanctioned by her employer.

37. On November 5, 2021, Pam Gray phoned Plaintiff, purportedly to follow up on her sexual harassment complaint and resignation. But Gray was combative and rude; she did not act as though she was trying to gather facts. Instead, she belittled and blamed Plaintiff.

38. In a follow-up email to Mary Vasquez, Plaintiff again mentioned she was suffering retaliation for reporting sexual harassment. She added that before her complaints

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

were reported, there had been allegations against Vaquer of inappropriate sexual contact with a resident who suffered from developmental disabilities.

## **COUNT I – WLAD SEXUAL HARASSMENT**

39. Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

40. The above-described language and conduct was unwelcomed, severe or pervasive, and created a sexually hostile, offensive, or intimidating work environment and detrimentally affected Plaintiff by altering the terms or conditions of her employment.

41. The above-described language and conduct occurred because of Plaintiff's sex.

42. Defendant knew or should have known of the above-described conduct and failed to take reasonably prompt and adequate preventative or corrective action to stop the behavior.

43. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including lost wages and emotional distress.

## **COUNT II – WLAD RETALIATION**

44. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

45. Plaintiff engaged in protected activity under the WLAD by complaining about sexual harassment and by participating in the complaint process.

46. Defendant retaliated against Plaintiff because she engaged in protected activity. Defendant treated Plaintiff with hostility, required her to work with her harasser, failed to address her complaints and, instead, threatened her position with a negative performance assessment, and refused to terminate the harasser.

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

47. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT III – TITLE VII SEXUAL HARASSMENT

48. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

49. The above-described language and conduct was unwelcomed, severe or pervasive, and created a sexually hostile, offensive, or intimidating work environment and detrimentally affected Plaintiff by altering the terms or conditions of her employment.

50. The above-described language and conduct occurred because of Plaintiff's sex.

51. Defendant knew or should have known of the above-described conduct and failed to take reasonably prompt and adequate preventative or corrective action to stop the behavior.

52. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including lost wages and emotional distress.

53. Defendant's conduct was done with malice or reckless disregard for Plaintiff's federally protected rights, for which Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT IV – TITLE VII RETALIATION

54. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

55. Plaintiff engaged in a protected activity under Title VII when she complained about sexual harassment and participated in the complaint process.

56. Defendant retaliated against Plaintiff because she engaged in protected activity.

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

Defendant treated Plaintiff with hostility, required her to work with her harasser, failed to address her complaints and, instead, threatened her position with a negative performance assessment, and refused to terminate the harasser.

57. Defendant retaliated against Plaintiff due to her engaging in protected activity.

58. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

59. Defendant's conduct was done with malice or reckless disregard for Plaintiff's federally protected rights, for which Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

## **REQUEST FOR RELIEF**

60. Plaintiff Lise Neu requests all damages allowable under federal and Washington law, including the following:

    a. Compensatory damages, including lost wages and emotional distress damages;

    b. Punitive damages under the federal claims;

    c. Front pay and pre- and post-judgment interest;

    d. Attorney's fees, costs, and expenses;

    e. Any and all other and further relief this Court deems just and proper.

1 | DATED this 16th day of November, 2022.

By: /s/ *Amy K. Maloney*
Amy K. Maloney, WSBA 55610
Matt J. O'Laughlin, WSBA 48706
MALONEY O'LAUGHLIN, PLLC
200 W. Mercer Street, Ste. 506
Seattle, Washington 98119
Tel: 206.513.7485
Fax: 206.260.3231
amy@pacwestjustice.com
matt@pacwestjustice.com

ATTORNEYS FOR PLAINTIFF